THE PEOPLE OF PUERTO RICO, Plaintiff, *v.* CENTRAL AGUIRRE ASSOCIATES ET AL., Defendants.

No. 9. Argued July 26, 1941.—Decided August 2, 1941.

408

*Charles R. Hartzell* and *Rafael O. Fernández* for Central Aguirre Associates. *Emilio de Aldrey, Acting Attorney General, Miguel Guerra Mondragón, Rafael Rivera Zayas,* and *Luis Venegas Cortés* for The People.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Central Aguirre Associates, one of the defendants in this case, besides presenting, jointly with the other defendants, a motion for removal to the United States District Court for Puerto Rico, which has been denied by an order rendered today, (*ante*, p. 403), in its own behalf filed a separate motion for removal of the cause to the aforesaid court. The parties were heard on July 15, 1941, and filed briefs on the 26th of the same month. The grounds of the latter motion are: (1) that the action in the instant case arises under the Constitution and laws of the United States, and (2) that the

cause of action exercised, as to the defendant Central Aguirre Associates, is separable and can be determined independently of the other defendants.

■ We have already decided the first question adversely to the contention of the defendant by our order made today in this same case to which reference has already been made, and what we said there should be considered as reproduced herein.

■ The second ground of the motion is based on Section 863, 48 U.S.C.A., as amended on March 26, 1938, wherein it is provided:

". . . Said district court shall have jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign State or States, or citizens of a State, Territory, or District of the United States not domiciled in Porto Rico, wherein the matter in dispute exceeds, exclusive of interest or cost, the sum or value of $3,000, *and of all controversies in which there is a separable controversy involving such jurisdictional amount and in which all of the parties on either side of such separable controversy are citizens or subjects of the character aforesaid.* . . ." (Italics ours.)

Therefore, in order that a motion for removal like the one presented by the defendant Central Aguirre Associates may prosper, the following three statutory requisites must be complied with:

1. Every defendant seeking such removal must be a citizen of a State, Territory, or District of the United States not domiciled in Puerto Rico.

2. There should exist, as regards such defendants, a separable controversy.

3. The amount involved should exceed, exclusive of interest or costs, the sum of $3,000.

In the absence of any one of those requisites, the removal sought does not lie.

According to the allegations of the complaint, there is no doubt that the amount involved in the instant case exceeds

$3,000, and the plaintiff does not dispute the existence of the first requisite; so let us see whether under those allegations there exists a separable controversy between the parties.

It is charged that Central Aguirre Associates is a *supposed* trust constituted by means of a declaration dated August 1, 1928, and subscribed by Charles C. Bancroft, J. Brooks Kayes, and Richard D. Coe, as *supposed* trustees, in the city of Boston, Massachusetts, which declaration has been modified subsequently at various times; that the activities for which the supposed trust was constituted and in which the supposed trustees were authorized to engage are, among others, as follows: (1) to acquire, in exchange for trust stock, securities issued by any corporation constituted and domiciled in the United States or abroad, and, mainly, for the acquisition, by barter, of shares of stock of the codefendant corporation Central Aguirre Sugar Company, organized under the laws of Puerto Rico, and (2) to engage in the planting, cultivation, and harvesting of sugar cane and in the manufacture of sugar, molasses, and other by-products; that Article IV of the aforesaid declaration of August 1, 1928, directs and authorizes the supposed trustees to issue stock certificates, representing an interest in the properties of the trust, up to 180,000 certificates with a par value of $20 each. Said article also directs and authorizes the supposed trustees to proceed to exchange the trust certificates for shares of stock of the domestic corporation Central Aguirre Sugar Company. The supplemental declaration of trust of December 8, 1928, directed and authorized the substitution of the 180,000 certificates of a par value of $20 each by 720,000 common shares of the trust with no declared value; which number was finally increased to 820,000 stock certificates, with no par value, by a supplementary declaration of June 29, 1933; that the number of trustees was increased by the supplemental declaration of December 8, 1929, wherein it is provided that the latter shall never be less than

three nor more than twenty. The present trustees, upon information which plaintiff believes to be true, are Charles C. Bancroft, J. Brooks Kayes, Robert F. Herrick, George C. Lee, Charles Francis Adams, Edwin P. Brown, Louis Bacon, John Farr Jr., James H. Post, and Charles G. Meyer, who perform the same functions as those performed by the directors of a corporation in Massachusetts; that the trust stockholders have the supreme control of its affairs, as they are empowered to appoint the trustees who are answerable to the stockholders; they can amend in their discretion the constitution of the trust, and can terminate the same at any time they deem it proper.

The complaint further alleges the organization in Puerto Rico of the other three defendants, Central Aguirre Sugar Company, Central Machete Company, and Luce & Company, *S. en C.* In regard to them, it is alleged that Central Aguirre Associates holds ninety-nine and sixty-six one hundredths per cent (99.66%) of the capital of codefendant Central Aguirre Sugar Company, thus having the control of its affairs and controlling its tillable lands which amount to about 437 acres; that Central Aguirre Sugar Company also owns (1) a sugar mill located in Aguirre, Puerto Rico, with a production capacity not below 80,000 tons annually, and (2) another sugar mill, situated in Santa Isabel, Puerto Rico, with a capacity of not less than 25,000 tons annually; that as such owner of nearly the whole stock of Central Aguirre Sugar Company, Central Aguirre Associates owns, directs and controls the affairs of the former; that Central Aguirre Associates owns seventy-two and fifty one-hundredths per cent (72.50%) of the capital of codefendant The Central Machete Company, thus owning its stock and controlling its tillable lands, which amount to about 20 acres, besides a sugar mill with its accessories and fixtures, situated in Guayama, Puerto Rico, with a production capacity of not less than 25,000 tons annually; that as such owner of almost the whole stock of The Central

Machete Company, Central Aguirre Associates owns and controls the affairs of the former; that subsequent to the enactment by the Congress of the United States of the Organic Act of Puerto Rico now in force, John D. H. Luce, John Farr, Charles L. Carpenter, Charles Meyer, Louis Bacon, and Charles G. Bancroft stockholders and directors of Central Aguirre Sugar Company, organized the partnership Luce & Company, *S. en C.*, for the illicit purpose of evading (1) the provisions of the Joint Resolution of the Congress of 1900, generally known as the 500 Acres Law, such as the same was reaffirmed and re-enacted in the Organic Act of Puerto Rico, approved on March 2, 1917, and (2) the provisions of subdivision 4 of Section 3 of the Law of Private Corporations, passed by the Legislative Assembly of Puerto Rico and approved on March 9, 1911.

It is then alleged how Luce & Co., *S. en C.*, acquired land in excess of 500 acres, worth several millions of dollars, and it is further alleged that Central Aguirre Associates manages, directs, and controls all the properties of Luce & Company, *S. en C.*, consisting, among others, of some 25,205 acres of tillable land lying in the towns of Santa Isabel, Juana Díaz, Guayama, Cayey, Salinas, and Arroyo, which land is applied to farming and especially to the planting, cultivation, and harvesting of sugar cane through the instrumentality of the supposed partnership of Luce & Company, *S. en C.;* that notwithstanding the provisions of the articles of partnership of Luce & Company, *S. en C.*, and of subsequent deeds modifying the same, it is a fact that said partnership does not actually exist, for the stockholders of the trust Central Aguirre Associates and those of Central Aguirre Sugar Company are holders of the whole capital of the partnership Luce & Company, *S. en C.*, inasmuch as the profits of the partnership are distributed as follows: $\frac{179,384}{180,000}$ for the stockholders of Central Aguirre Associates and $\frac{616}{180,000}$ for the stockholders of Central Aguirre Sugar Company; and, moreover, the

so-called managing partners of Luce & Company, *S. en C.* are mere agents or employees of Central Aguirre Associates, domiciled in Puerto Rico, without sharing in either the profits or the losses of such supposed entity and without receiving any remuneration other than that agreed for services rendered to the trust; that the organizers of the trust Central Aguirre Associates, and the managers, officers, trustees, and stockholders which the defendant partnership has always had, have frequently been also, at the same time, officers, directors, trustees, or partners in the three last above-mentioned defendants, Central Aguirre Sugar Company, Central Machete Company, and Luce & Company, *S. en C.*

It is further alleged in the complaint that Luce & Company, *S. en C.,* is an illicit partnership, because all its partners knew and know that their function was no other than to aid in concealing from the officers of the law the entity actually owning the 28,205 acres of tillable land, that is, Central Aguirre Associates; and concerning this point it is alleged that both the business and the properties of Central Aguirre Associates are not managed or controlled by the supposed trustees for the benefit of its stockholders, but that the latter have the management and supreme control of the business and the properties of the said trust; that the supposed trust Central Aguirre Associates was organized exclusively for the purpose of devoting land in excess of 500 acres to farming in Puerto Rico through the combination above denounced, existing between the said entity and its affiliates Central Aguirre Sugar Company, The Central Machete Company, and Luce & Company, *S. en C.,* and that the purpose of its organization is therefore illicit.

Before stating the public policy of the People of Puerto Rico, the complaint concludes by alleging as follows:

"25. In open violation of Joint Resolution No. 23 of the 56th Congress, First Session, approved on May 1, 1900 (31 Stat. at Large 716, U.S. Code, Title 48, Section 752), as well as of the local

law of private corporations, the said trust Central Aguirre Associates owns and controls at present, by itself as well as by its subsidiaries or agents, whom it directly dominates, as has been alleged, and the defendants Central Aguirre Sugar Company, The Central Machete Company, and Luce & Company, *S. en C.*, each one of which possesses and controls in complete domination, just as each of them has. possessed and controlled for a long time past, certain tillable lands in excess of 500 acres in which each and everyone of said defendants dedicates itself to the planting, cultivation, and harvesting of sugar cane, and each one of the said four defendants contributes to and participates in the said violations committed by each one of the other defendants.

"26. The total tillable land owned and controlled at present by said defendant Central Aguirre Associates, both directly and through its subsidiaries or agents above mentioned and which it applies at present to farming, as already stated, amounts to some 28,662 acres."

In *People* v. *South Porto Rico Sugar Co.*, 54 P.R.R. 122, we held, citing authorities, that the right to removal does not exclusively depend upon the will of the petitioner but that it is the averments of the complaint filed in the state or insular court, as the case may be, which determine the nature of the suit. [4] Do the allegations of the complaint, as above summarized by us, show the existence in this case, as claimed by defendant Central Aguirre Associates, of a separable controversy between The People of Puerto Rico and said defendant, which might be determined without the hearing or intervention of the other defendants Central Aguirre Sugar Company, Central Machete Company, and Luce & Company, *S. en C.?* This question must be answered in the negative. In said allegations all the defendants are charged with a series of acts so intimately interrelated that the issue as a whole could not be determined without the intervention of all of the defendants. It is not, as claimed by defendant Central Aguirre Associates, the case of a separate and distinct cause of action that could have been filed against it without including the other defendants as necessary parties.

A reading of the 17th paragraph of the complaint suffices to realize that the issue could not be separately determined. It reads as follows:

"17. Notwithstanding the provisions of the articles of partnership of Luce & Company, S. en C., and of the subsequent deeds modifying the same, it is a fact that said partnership does not actually exist, for the stockholders of the trust Central Aguirre Associates and those of Central Aguirre Sugar Company are holders of the whole capital of the partnership Luce & Company, S. en C., inasmuch as the profits of the partnership are distributed as follows: $\frac{179,384}{180,000}$ for the stockholders of Central Aguirre Associates and $\frac{616}{180,000}$ for the stockholders of Central Aguirre Sugar Company; and, moreover, the so-called managing partners of Luce & Company, S. en C., are mere agents or employees of Central Aguirre Associates domiciled in Puerto Rico, without sharing in either the profits or the losses of such supposed entity and without receiving any remuneration other than that agreed for services rendered to the trust; . . ."

We think that, should such allegations be proved, the issue could not be separately determined without hearing Luce & Company, S. en C., for it is alleged that the profits of the said partnership are distributed, in the proportion stated, among the other defendants Central Aguirre Associates and Central Aguirre Sugar Company. Respecting the alleged controversy, Luce & Company, S. en C., is a necessary and indispensable party, as are also the other defendants. We fail to see how a decision could be rendered directly affecting Luce & Company, S. en C., without affording an opportunity to the latter to plead to the charges brought in the complaint as to its acts in combination with the other defendants.

The fact that different kinds of relief are prayed for is no proof that different causes of action are set up, as claimed by Central Aguirre Associates. In the first place, the prayer in a complaint is no part of the cause of action *González* v. *González*, 43 P.R.R. 792. [6] In 1 C. J.

1059, when dealing with the question raised by the plaintiff,. the applicable doctrine is set forth as follows:

"While sometimes confounded, causes of action, properly speaking, are clearly distinguishable from the remedial rights to which they give rise; and since the relief demanded is no part of the cause of action, and the same cause of action may give rise to several remedial rights, the question as to whether one or more causes of action. are stated is not to be determined from whether different kinds of relief are prayed for or different objects sought. A complaint may,. without stating more than one independent cause of action, require a determination of various matters as incidental to the principal relief demanded, particularly in actions of an equitable nature. A complaint will therefore be regarded as stating but one cause of action, although it may pray for different and varying forms of relief, where they are all germane to the vindication of a single primary right, . . . or generally, where the complaint has one main object and the different forms of relief demanded are merely incidental thereto."

The complaint in this case has as its sole and principal purpose: to determine whether the defendants by reason of the alleged unlawful combination are violating the 500 Acres Law and, if so, to apply the corresponding legal sanctions. to each of them. The action can not be considered as a separable controversy between The People of Puerto Rico and. Central Aguirre Associates.

We think that, in the absence of the above-mentioned second requisite, the removal sought by Central Aguirre Associates does not lie, and therefore its motion to that effect is denied.

Mr. Justice De Jesús took no part in the decision of this case.